

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § |  |
| IN RE: | | No. 08-19-00183-CR |
|  | § |  |
| THE STATE OF TEXAS, | | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. | | IN MANDAMUS |
|  | § |  |
|  | § |  |

## <u>CONCURRING OPINION</u>

I join in the majority opinion, and its disposition of the case. That opinion leaves no doubt that a subpoena not issued in connection with any hearing, and not under the procedure set out in TEX.CODE CRIM.PROC. ANN. art 24.03, cannot require a citizen to produce their cell phone for a lawyer's review outside the doors of a courtroom. Because this discovery dispute begins with that action, it was derailed from the start. And no action, particularly a later *in camera* inspection wherein one party, but not the other, assisted the court in reviewing the phone's contents, could put the train back on its tracks. Everything here began with the subpoena. The State moved to quash that subpoena, and in my opinion the trial court erred in failing to grant that motion.

Yet it bears mention that at the oral argument of this case, both the State and Defendant conceded that there might be an appropriate procedure whereby the Defendant could pursue the

1

discovery of textual or electronic messages that might be important to this case. One advocate suggested that a trial court retains the discretion to set a pretrial hearing under TEX.CODE CRIM.PROC. ANN. art. 28.01, § 1 ("The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing."). By the terms of Article 28.01, that hearing might address several matters, including "discovery." *Id.* § 1(8); *see also State v. Villegas*, 506 S.W.3d 717, 730 (Tex. App.--El Paso 2016, pet. dism'd, improvidently granted) ("The State recognizes that in general the trial court has the discretion to conduct a pretrial hearing on preliminary matters, including the admissibility of evidence.").

Article 28.01 was designed to enable the trial judge to dispose of certain matters prior to trial to avoid delays after jurors and witnesses have been summoned. *Johnson v. State*, 803 S.W.2d 272, 283 (Tex.Crim.App. 1990), *cert denied,* 501 U.S. 1259 (1991), *overruled on other grounds*, *Heitman v. State*, 815 S.W.2d 681, 685 n.6 (Tex.Crim.App. 1991). And a trial court might exercise its discretion to decide disputes regarding the existence or admissibility of text messages before and not during trial. If such a hearing was set (with notice to all parties), then presumably a subpoena to a relevant witness might issue as well. *Cf. State v. Hill*, 499 S.W.3d 853, 867 (Tex.Crim.App. 2016) (allowing trial court discretion to set pretrial evidentiary hearing on motion to quash and dismiss).

Assuming without deciding that such a hearing is sanctioned, that only gets the parties to the nub of the underlying dispute: is the Defendant entitled to search the complaining witness's phone? I agree with everything the Court's opinion says about the privacy interests of the complaining witness. Phones contain a trove of private information: who our friends and family

are, where do we bank, what are the passwords to our financial accounts, what we say on social media, and for some, what photo images of ourselves, family, friends, (and pets) do we most cherish. Yet I also understand the Defendant's interest in securing evidence that would be material and favorable to vindicating his due process rights. As with most competing rights, courts have to strike the right balance.

I have little doubt the trial court here eventually tried to strike that type of balance. It was done, however, behind closed doors with only the defense lawyer present. The complaining witness was not in the room to voice any concern for her privacy interests. Nor was the District Attorney present to advocate for her. And we do not know how the balance was struck, or how the competing rights were valued. At oral argument, and in their briefs, the parties have cited some authority articulating a balancing test, and the interests that are stake. In evaluating the competing interests, each side has raised legitimate concerns, such as: (1) whether a "phone dump" was the least intrusive means of obtaining the evidence or whether the messages sought were available on the recipients phones or with a service provider; (2) whether the need for evidence in a related case can be considered in this case; (3) whether there is any evidence of spoliation; and (4) if a forensic examination is needed at all, whether an agent of the Defendant should be given the custody and control of the phone, as opposed to a court appointed or agreed expert. Rather than attempt to articulate the balancing test on the sparse record before us, I would leave that in the first instance to the able trial judge below.

With these comments, I concur.


March 13, 2020                                    JEFF ALLEY, Chief Justice


3